IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS JOHNSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO. 2:04-cv-117-MEF |
| ) | WO |
| CITY OF CLANTON, ALABAMA, *et al.*, ) | |
| ) | |
| DEFENDANTS. ) | |

**MEMORANDUM OPINION AND ORDER**

In February of 2004, Plaintiff Thomas Johnson brought this suit against the City of Clanton, Alabama and numerous other defendants. Plaintiff's allegations against all defendants arise out of an alleged incident between Plaintiff and certain law enforcement officers on May 25, 2002, which began outside a bar in Clanton, Alabama. It is alleged that two law enforcement officers for the City of Clanton improperly arrested Plaintiff and used excessive force against him to effectuate the arrest. It is further alleged that these officers then transported Plaintiff to the Chilton County Jail where he was further physically abused by law enforcement, including Sheriff's Deputies for the Chilton County Sheriff's Department.

This cause is presently before the Court on the Motion to Dismiss the Amended Complaint (Doc. # 33) filed by Defendant City of Clanton, Alabama on May 12, 2004. The Court has reviewed the argument in support of and in opposition to this motion. The Court finds that the motion is due to be GRANTED in part and DENIED in part.

Defendant the City of Clanton, Alabama contends that the Amended Complaint fails to state a claim against it for which relief can be granted for alleged violations of the Fifth and Fourteenth Amendments of the United States Constitution. Plaintiff Thomas Johnson responds by explaining that there are no claims plead against the City of Clanton, Alabama for alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution and by clarifying that the only claim against the City of Clanton, Alabama he brings pursuant to 42 U.S.C. § 1983 is for alleged violations of the Fourth Amendment to the United States Constitution. To the extent that the Amended Complaint could be read to state claims against the City of Clanton, Alabama for alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution, such claims are due to be DISMISSED. To the extent that the Motion to Dismiss the Amended Complaint (Doc. # 33) filed by Defendant City of Clanton, Alabama seeks dismissal of claims against the City of Clanton, Alabama for alleged violations of the Fifth and Fourteenth Amendments to the United States Constitution, it is GRANTED. This ruling has no effect on any claim against the City of Clanton, Alabama for alleged violations of rights established by the Fourth Amendment to the United States Constitution.

While the sole claims in this case against the City of Clanton, Alabama are claims arising under federal law, Plaintiff Thomas Johnson has brought claims pursuant to Alabama law against some of the other defendants in this action. In its Motion to Dismiss the Amended Complaint (Doc. # 33), the City of Clanton, Alabama argues that this Court should

decline to exercise supplemental jurisdiction over the Plaintiff's claims against the other defendants in this action pursuant to Alabama law. The City of Clanton, Alabama, for understandable reasons prefers not to have the claims against it tried in the same action as the tort claims against the other defendants. Having considered the factors relevant to the determination of whether this Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367, this Court finds it is appropriate for it to exercise its discretion to hear all the claims together in one action. Accordingly, Motion to Dismiss the Amended Complaint (Doc. # 33) is DENIED to the extent that it seeks dismissal of claims brought pursuant to Alabama law.

It is hereby ORDERED that the Motion to Dismiss the Amended Complaint (Doc. # 33) filed by Defendant City of Clanton, Alabama is GRANTED in part and DENIED in part as set forth above.

DONE this the 7th day of June, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE