IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

THOMAS JOHNSON,                    )
                                   )
        PLAINTIFF,                 )
                                   )
v.                                 )   CASE NO. 2:04-CV-117-F
                                   )            WO
CITY OF CLANTON, ALABAMA, *et al.*,  )
                                   )
        DEFENDANTS.                )

## MEMORANDUM OPINION AND ORDER

In February of 2004, Plaintiff Thomas Johnson brought this suit against the City of

Clanton, Alabama and numerous other defendants.  Plaintiff's allegations against all

defendants arise out of an alleged incident between Plaintiff and certain law enforcement

officers on May 25, 2002, which began outside a bar in Clanton, Alabama.  It is alleged that

two law enforcement officers for the City of Clanton[1] improperly arrested Plaintiff and used

excessive force against him to effectuate the arrest.  It is further alleged that these officers

then transported Plaintiff to the Chilton County Jail where he was further physically abused

by law enforcement, including Sheriff's Deputies for the Chilton County Sheriff's

Department.  Plaintiff brings claims against the City of Clanton, Alabama by naming it as a

---

[1]  Defendant Officer Dewayne Wright is named individually and as a police officer
for the City of Clanton, Alabama, and Defendant Samuel Olgilvie is named in the Amended
Complaint individually and as an explorer for the City of Clanton, Alabama.

defendant and by naming the two law enforcement officers in their official capacities.[2]

This cause is presently before the Court on the Motion for Summary Judgment (Doc. # 81)[3] filed by Defendant City of Clanton, Alabama on April 19, 2005.  On June 2, 2005, Plaintiff filed a response to this motion (Doc. # 116 at n.1) in which he indicated that he does not oppose the Motion for Summary Judgment filed by the City of Clanton, Alabama. Plaintiff having abandoned his claims against the City of Clanton, Alabama and conceded the appropriateness of the motion for summary judgment and this Court having reviewed the merits of the City of Clanton's arguments in support of its motion for summary judgment on the remaining claims against it, the Court finds that the motion is due to be GRANTED.

---

[2]  In *Kentucky v. Graham*, 473 U.S. 159 (1985), the United States Supreme Court sought to eliminate lingering confusion about the distinction between personal-capacity and official-capacity suits.   The Supreme Court emphasized that official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"  *Id.*, at 165 (quoting *Monell v. New York City Dep't of Social Servs.,* 436 U.S. 658, 690, n.55 (1978)). Thus, suits against municipal officials in their official capacity therefore should be treated as suits against the municipality. *See, e.g., Brown v. Neumann,* 188 F.3d 1289, 1290 (11th Cir. 1999) (a suit against a governmental official in his official capacity is deemed a suit against the entity that he represents); *Busby v. City of Orlando,* 931 F.2d 764, 776 (11th Cir. 1991) ("Such suits against municipal officers are therefore, in actuality, suits directly against the city that the officer represents"); *Gray v. City of Eufaula,* 31 F. Supp. 2d 957, 965 (M.D. Ala. 1998) (same).   "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (internal citations and quotations omitted).  *Accord*, *Graham*, 473 U.S. at 166 (quoting *Monell,*  436 U.S. at 694).

[3]  While the heading of this document erroneous denominates it as "Officer Dewayne Wright's Motion for Summary Judgment," it is clear that the motion is actually made by the City of Clanton, Alabama.  Officer Dewayne Wright's Motion for Summary Judgment is separately filed as Document Number 87.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving

party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56(c).

The only claim against the City of Clanton, Alabama Plaintiff brings is one brought pursuant to 42 U.S.C. § 1983 for alleged violations of the Fourth Amendment to the United States Constitution.  To the extent that Plaintiff seeks to bring claims against the City of Clanton pursuant to 42 U.S.C. § 1983, he must overcome the "strict limitations on municipal liability" which the United States Supreme Court has put in place.  *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir.), *cert. denied,* 525 U.S. 870 (1998).  Under § 1983, there is no *respondeat superior* liability; a municipality may not be sued under § 1983 for the acts of others.  *See Monell*, 436 U.S. at 691-94; *see also City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988); *Brown*, 188 F.3d at 1290 ("A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior,* for constitutional injuries inflicted by its employees."); *Gold,* 151 F.3d at 1350 (municipality may not be liable for the wrongful actions of its police officers pursuant to a *respondeat superior* theory of liability).  "Instead, a municipality may be held liable for the actions of a police officer only when municipal 'official policy' causes a constitutional violation."  *Gold,* 151 F.3d at 1350.  It is incumbent upon a plaintiff seeking to hold a municipality liable pursuant to § 1983 to identify the municipal policy or custom that he contends caused his injury to be inflicted.  *Id.*

Thus, the City of Clanton, Alabama cannot be held liable under a theory of respondeat superior; rather the alleged based for Plaintiff's claims against the City of Clanton, Alabama is a failure to properly train and supervise its officers in proper investigative and detainment procedures.  The City of Clanton, Alabama has offered evidence that it has adopted and utilized a number of practices and policies designed to prevent the type of conduct Plaintiff has alleged, including frequent training on how to properly conduct and arrest and how to avoid the use of excessive force.  The City of Clanton, Alabama's policies and procedures in these areas are undisputed facts established by evidence in the record before this Court. Viewed in the light most favorable to Plaintiff, the undisputed evidence before this Court establishes that the City of Clanton, Alabama is entitled to judgment as a matter of law on the sole claim against it.  Plaintiff cannot and has not demonstrated that any official policy or custom caused the alleged violations of his constitutional rights.  Moreover, Plaintiff cannot and has not shown that the City of Clanton, Alabama failed to adequately train or supervise its officers.

For the foregoing reasons, it is hereby ORDERED as follows:

(1)  The Motion for Summary Judgment (Doc. # 81) filed by Defendant City of Clanton, Alabama on April 19, 2005 is GRANTED.

(2)  All remaining claims against the Defendant City of Clanton, Alabama are hereby DISMISSED WITH PREJUDICE.

(3) All remaining claims against Dwayne Wright and Samuel Olgilvie *in their official*

5

*capacities* are hereby DISMISSED WITH PREJUDICE as such claims are in fact claims against the City of Clanton, Alabama.  Nothing in this Order is intended to in any way impair or address Plaintiff's claims against Dwayne Wright and Samuel Olgilvie *in their individual capacities*.

DONE this the 7th day of July, 2005.


_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE