IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS JOHNSON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | )          (WO) |
| v. | ) CASE NO. 2:04-cv-117-F |
| | ) |
| DEWAYNE WRIGHT, *et al.,* | ) |
| | ) |
| DEFENDANTS. | ) |

**MEMORANDUM OPINION AND ORDER**

This cause is pending before the Court on the Motion to Strike (Doc. # 134). By this motion Defendant Samuel Ogilvie[1] asks the Court to strike the affidavit of Jennifer Glenn, which had been filed with this Court as part of Plaintiff's opposition to Defendants' motions for summary judgment. In support of his motion, Ogilvie contends that the Glenn affidavit fails to meet the standards of Federal Rule of Civil Procedure 56(e) for affidavits submitted in opposition to a motion for summary judgment. Specifically, Ogilvie argues that the Glenn affidavit is in part inconsistent with the testimony later given by Glenn at her deposition in June of 2005. Ogilvie also faults the Glenn affidavit because it was notarized by Plaintiff's wife. In his brief in support of the Motion to Strike, Ogilvie also argued that the sham affidavit doctrine requires this Court to strike the Glenn affidavit. Plaintiff opposes the Motion to Strike arguing that it takes Glenn's deposition testimony out of context. Plaintiff's counsel has filed a copy of Glenn's deposition with the Court.

---

[1] Ogilvie is incorrectly identified in the Amended Complaint as Olgilvie.

This Court has carefully reviewed the Glenn affidavit, the Glenn deposition, the arguments of counsel and the authorities cited. In the circumstances of this case, the Court is persuaded that the Motion to Strike is due to be DENIED.

The instant motion is styled as a motion to strike. Rule 12(f) of the Federal Rules of Civil Procedure provides grounds for motions to strike; however, that rule provides the proper bases for striking certain improper material in *pleadings*, not in affidavits. *See, e.g., Norman v. So. Guar. Ins. Co.,* 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002). Consequently, Ogilvie's motion to strike is not the sort of motion envisioned by the Federal Rules of Civil Procedure.

Given that the Glenn affidavit was submitted in opposition to a motion for summary judgment, it must comply with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. Rule 56(e) makes it plain that affidavits submitted in support of or opposition to a motion for summary judgment, such as the affidavit at issue here,

> shall be made *on personal knowledge*, shall set forth such facts as would be *admissible in evidence*, and shall *affirmatively show that the affiant is competent to testify to the matters stated therein*.

Fed. R. Civ. P. 56(e) (emphasis added). The requirements of Rule 56 make it plain that affidavits which set forth conclusory arguments, rather than statements of fact based on personal knowledge, are improper. *See, e.g., Thomas v. Ala. Council on Human Relations, Inc.,* 248 F. Supp. 2d 1105, 1112 (M.D. Ala. 2003); *Story v. Sunshine Foliage World, Inc.,* 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000). *Accord, Leigh v. Warner Bros., Inc.,* 212 F.3d

1210, 1217 (11th Cir. 2000).  Some courts have held that affidavits which fail to meet the standards set forth in Rule 56(e) may be subject to a motion to strike in certain circumstance. *See, e.g., Thomas*, 248 F. Supp. 2d at 1112; *Givhan v. Electronic Eng'rs, Inc.,* 4 F. Supp. 2d 1331, 1334 (M.D. Ala. 1998).  However, if an affidavit contains some improper material, the court need not strike the entire affidavit, rather it may *strike or disregard* the improper portions and consider the remainder of the affidavit.  *Id.* at p. 1334 n.2.

One issue raised commonly in motions to strike all or part of an affidavit is the "sham affidavit" concept, which arises when there is a *clear inconsistency* between factual assertions in an affidavit submitted in conjunction with a motion for summary judgment and the affiant's *prior* deposition testimony.  When ruling on a motion for summary judgment and addressing a conflict between a witness's affidavit and the witness's *prior* deposition testimony, a court must be mindful of two competing policies.  On the one hand, there is the purpose of summary judgment which is to "separate real, genuine issues from those which are formal or pretended." *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986), *reh'g denied,* 815 F.2d 66 (11th Cir. 1987).  The rule is needed to "spare the party requesting summary judgment the needless pain and costs of a law suit when a party's prior statements show no factual dispute exists." *Tippens*, 805 F.2d at 955 (Hill, J., specially concurring).  On the other hand, there is the recognition that the credibility of witnesses and weight of the evidence are issues for the trier of fact.  *Id.* at 954.

Given these competing policies, the Eleventh Circuit Court of Appeals developed a

standard by which a court may determine when the contradictory nature of testimony renders that testimony inappropriate for consideration as creating a genuine issue of material fact. "When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Assocs., Inc. v, U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). Therefore, before disregarding an affidavit, a court must find some inherent inconsistency between the party's affidavit and the party's prior deposition testimony. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1530 (11th Cir. 1987). It is the inherent inconsistency which renders the subsequent affidavit a "sham." *See Van T. Junkins & Assocs., Inc.*, 736 F.2d at 657.

Once a court has found that the party is attempting to create an issue of fact by offering a "sham" affidavit, the interest in preventing parties from having to proceed when there is no real issue of fact outweighs the interest in allowing the fact-finder to weigh issues of credibility at trial. Holding to the contrary would mean that plaintiffs could "thwart the purposes of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions." *Bank of Ill. v. Allied Signal Safety Restraint Sys.*, 75 F.3d 1162, 1168 (7th Cir. 1996). Thus, portions of affidavits which are clearly inconsistent with prior deposition testimony from the affidavit are due to be stricken. *See, e.g., Rice v. Barnes,* 149 F. Supp. 2d 1297, 1300 (M.D. Ala. 2001).

4

At oral argument on the motion during the pretrial of this matter, Ogilvie's counsel admitted that the Glenn affidavit was not a sham affidavit. Nevertheless, he argued that it was inconsistent with her deposition testimony, not based on personal knowledge and confusing. This Court is satisfied that the Glenn affidavit need not be stricken. In the process of resolving the pending motions for summary judgment, the court will consider only evidence which would be proper to consider pursuant to Federal Rule of Civil Procedure 56(e). The Court will not resolve any questions relating to Glenn's credibility. For purposes of evaluating the merits of the pending motions for summary judgment, the Court will consider all of Glenn's testimony, as set forth in her affidavit and her deposition, in the light most favorable to Plaintiff assuming that it is clear that such testimony is based on personal knowledge, admissible, and within the subjects about which Glenn is competent to testify. Accordingly, the Motion to Strike (Doc. # 134) is DENIED.

DONE this the 31st day of August, 2005.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE