IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS JOHNSON, | ) | |
| | ) | |
| PLAINTIFF, | ) | (WO - Do Not Publish) |
| | ) | |
| v. | ) | CASE NO. 2:04-cv-117-F |
| | ) | |
| DEWAYNE WRIGHT, *et al.,* | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**AMENDED PRETRIAL ORDER**

A pretrial conference was held in the above case on July 12, 2005. The case was continued. On October 20, 2005, the Court held a status conference at which counsel for all remaining parties were present. As a result of the pretrial conference and the status conference, the following proceedings were held and actions taken:

1. **Parties and trial counsel.**

The parties before the court are correctly named as set out below and the designated trial counsel for the parties are as set out below:

**Plaintiff:** Thomas Johnson
**Plaintiff's Counsel:**	Jock M. Smith and Brian P. Strength
	Cochran, Cherry, Givens & Smith, P.C.
	Post Office Box 830419
	Tuskegee, Alabama 36083

	Elizabeth H. Huntley
	404 2nd Avenue South
	Clanton, AL 35045

**Defendant:** Samuel Ogilvie
**Counsel for Ogilvie:**	James W. Porter, II
	Porter, Porter & Hasinger
	P.O. Box 128
	Birmingham, AL 35201-0128

**Defendants:** Stephen Brock, Kevin Driver, Nick Baker and Robert Bland
**Counsel for Brock, Driver, Baker, and Bland:**
    Winston Sheehan
    Emily Marks
    Ball, Ball, Matthews & Novak, P.A.
    P.O. Box 2148
    Montgomery, AL 36102-2148

**Defendant:** Robert Monroe
**Counsel for Monroe:**    Timothy Donahue
    Donahue & Associates, L.L.C.
    1020 22nd Street South
    Birmingham, AL 35205

**Defendant:** Dewayne Wright
**Counsel for Wright:**    Randall Morgan
    Hill, Hill, Carter, Franco Cole & Black
    P.O. Box 116
    Montgomery, AL 36101-0116

**Counsel Appearing At Pretrial Hearing:**
Brian P. Strength and Elizabeth H. Huntley for the Plaintiff.
Winston Sheehan for Defendants Brock, Driver, Baker and Bland.
Jim Porter for Defendants Samuel Ogilvie and City of Clanton.
Timothy Donahue for Defendant Monroe.
Randall Morgan for Defendant Wright.

**2. Jurisdiction and venue:** Jurisdiction exits under 42 U.S.C. §1983 and §1988, 28 U.S.C. §1343(a)(3) and (4), 28 U.S.C. §1367, and the Fourth and Fourteenth Amendment to the United States Constitution. Venue is not contested.

**3. Pleadings.** The following pleadings have been allowed:

    Complaint of the Plaintiff
    Amended Complaint of the Plaintiff
    Answer of Defendants Mark Bass and Robert "Joe" Monroe
    Answer to the Amended Complaint of Defendants Mark Bass and Robert "Joe" Monroe.
    Answers to Complaint of Plaintiff Filed by Defendants Brock, Driver, Baker and Bland

      Answers to Amended Complaint of Plaintiff Filed by Defendants Brock, Driver, Baker and Bland
      Answer To Amended Complaint Filed By Dewayne Wright
      Answer To Amended Complaint Filed By Samuel Ogilvie

**4. Contentions of the Parties**:

      **(a) Plaintiff's contentions:**

      At all times relevant Officer Dewayne Wright and Explorer Samuel Olgilvie were duly appointed and acting as law enforcement officers for the City of Clanton. As such, Officers Wright and Ogilvie were duly appointed agents authorized to enforce the laws of Alabama and was so acting under color of the law of Alabama. At all times mentioned herein, Officer Wright and Explorer Ogilvie were agents and/or employees of the City of Clanton, Alabama, and each was acting within the course and scope of said agency and/or employment. At all relevant times County Officers Brock, Bland, Baker, and Driver were duly appointed and acting as officers for the Chilton County Sheriff. As such, Officers Brock, Bland, Baker, and Driver were duly appointed to enforce the laws of Alabama and were so acting under color of law of the State of Alabama, and were acting within the course and scope of their employment.

      On May 25, 2002 at approximately 11:00 p.m, Plaintiff and his wife went to the Skylight Bar in Clanton, Alabama where they stayed for approximately fifteen minutes without having any alcoholic beverages. Upon leaving the establishment and reaching their automobile, Plaintiff was approached by Defendants Wright and Ogilvie. At the scene, Plaintiff was severely beaten by Wright and Ogilvie. There was no legally sufficient basis for the use of force by Wright and Ogilvie. The use of force proximately caused damage to the Plaintiff. Wright and Ogilvie subsequently arrested Plaintiff and transported him to the jail.

      Once at the jail, County Officers Stephen Brock, Robert Bland, Nick Baker and Kevin Driver, along with Jemison Police Officers Joe Monroe continued to punch, hit, knee, choke and use excessive force on the Plaintiff. Plaintiff yelled and screamed, but did not attempt to defend himself at any time or in any way. Plaintiff was then moved to another room and restrained in a chair. A harness was place over his shoulder and straps were placed across his chest, waist, and legs while his hands remained in handcuffs. In this room, the Defendant Officers continued brutally beating the Plaintiff. At some point Defendant Officers ceased beating the Plaintiff and he was transported to the hospital. Based on the totality of the circumstances at the time of the incident, Defendants used excessive force on the Plaintiff proximately causing his alleged damages.

      **(b) Defendants' contentions:**

**DEFENDANT SAMUEL OGILVIE'S POSITION:**

1. Samuel Ogilvie filed his Motion for Summary Judgement on April 19, 2005. See Ogilvie's Motion for Summary Judgment, Doc. # 84; see also Ogilvie's Evidentiary Submissions, Doc. # 85; see also Ogilvie's Brief in Support of the Motion for Summary Judgment, Doc. # 86.

2. In the Plaintiff's consolidated Response, he states that he has "conceded to the dismissal of any due process claims against [ ] Ogilvie." See Plaintiff's Response, p. 8, FN 3, Doc. # 116.

3. At no point in time relevant to the above-styled case was Defendant Ogilvie acting or appointed to act as a law enforcement officer for the City of Clanton, nor was he acting as an agent and/or employee of the City of Clanton. See Reply Brief, Doc. # 125.

4. Defendant Ogilvie was a participant in the City of Clanton's Explorer program. This volunteer program is an extension of fellow scouting programs offered by the Boy Scouts of America. The City's Explorer Program is basically just a civilian ride-along program. The City of Clanton's Shift Sergeant provides supervision and oversight to the Explorer participant. The Clanton Police Department also provides training to the participant on proper conduct during the ride-along. Participants in this program receive absolutely no money or anything of value. Explorer participants are not given any benefits whatsoever. See Reply Brief, Doc. # 125.

5. The City has adopted and utilizes a number of practices and polices designed not only to prevent the type of conduct that the Plaintiff has alleged, but also to prevent Explorer participants from being mistaken as police officers. Aside from our supervisory and training practices, the Clanton Police Department makes sure that Explorer participants are clearly identifiable from Clanton police officers. For example, Explorer participants are issued a uniform containing a cloth badge that reads "Explorer". This cloth badge does not resemble the City of Clanton's Law Enforcement badge. Furthermore, Explorer Participants are not allowed to carry the same weapons as police officers and do not wear a metal badge like police officers. See Reply Brief, Doc. # 125.

6. At no point during the Plaintiff's arrest, was Defendant Ogilvie acting under the color of state law. On the contrary, he was a volunteer in the Boy Scout Explorer program who went on a ride-along with Defendant Wright. Defendant Ogilvie wore a uniform shirt that was clearly marked "Explorer". See Reply Brief, Doc. # 125.

7. In fact, the Plaintiff's wife testified that she knew Defendant Ogilvie was "a young Explorer" and not an officer. Furthermore, the Plaintiff testified that his wife acknowledged at the Skylight Bar that Defendant Ogilvie was not a police officer.  Moreover, an eye witness to the incident in question, Jennifer Glenn, testified that it was obvious that the Defendant was not a police officer. See Reply Brief, Doc. # 125; see also Supplement, Doc. # 135.

8. Defendant Ogilvie did not carry the same weapon that a Clanton police officer would carry, nor did Ogilvie wear a policeman's uniform. As a private citizen, Defendant

Ogilvie is permitted to assist officers in search and seizures and arrests. See ALA. CODE § 15-5-7 (1975); see also ALA. CODE § 15-10-7 (1975). See Reply Brief, Doc. # 125.

9. Defendant Ogilvie did not use Excessive Force, nor did he commit Assault and Battery because Defendant Ogilvie did not arrest the Plaintiff nor did he actually strike the Plaintiff. See Reply Brief, Doc. # 125; see also Supplement, Doc. # 135.

10. According to Jennifer Glenn's eye witness testimony, Defendant Ogilvie never actually struck the Plaintiff, nor did he have anything in his hands that he could use to strike the Plaintiff. See Supplement, Doc. # 135.

11. As a volunteer participant in the City of Clanton's Explorer Program, which is an extension of fellow scouting programs offered by the Boy Scouts of America, Defendant Ogilvie cannot be held liable as a state actor for the Plaintiff's § 1983 claims. See Reply Brief, Doc. # 125.

12. As a volunteer participant in the City of Clanton's Explorer Program, which is an extension of fellow scouting programs offered by the Boy Scouts of America, Defendant Ogilvie is immunized under the Volunteer Service Act codified at § 6-5-336 Code of Alabama (1975) from state law claims since he was acting in good faith. See Reply Brief, Doc. # 125.

13. In his consolidate Response, the Plaintiff "abandons any state law claim for false arrest." See Plaintiff's Response, p. 19, FN 5, Doc, # 116.

14. Defendant Ogilvie contests the form and sufficiency of process and of service of process and avers service is untimely. Ogilvie contends he was not timely served within the time provided by law.

15. Defendant Ogilvie denies the allegation of the Amended Complaint which are not specifically admitted herein; avers the Amended Complaint and each count fail to state a cause of action upon which relief can be granted; denies he has violated Plaintiff's constitutional rights; denies all allegation of wrongdoing; pleads the general issue; pleads contributory negligence; pleads assumption of the risk; pleads unclean hands; pleads waiver; pleads estoppel; avers that Plaintiff's own actions caused or contributed to his alleged injuries, losses and damages, hence Plaintiff is barred from recovery; pleads probable cause; pleads justification; pleads self defense; pleads provocation; pleads good faith; avers all action were taken on a reasonable and good faith belief; avers any force used was reasonable and necessary; pleads a subsequent independent intervening cause of Plaintiff's alleged injuries; avers the Amended Complaint is barred by the pertinent statute of limitations and/or the doctrine of laches; incorporates herein as if set out in full all grounds set forth in the Defendants' Motion to Dismiss the Complaint as Amended and all the grounds set forth in and the arguments in support of their Motion for Summary Judgment; pleads the statutory tort cap applicable to state law claims; pleads § 11-47-190 as a bar to recovery; and denies Plaintiff is entitled to any relief.

16 In the event the Court determines as a matter of law that Ogilvie was acting "under the color of law" as a police officer, then in that event, he would plead all available

immunities, including but not limited to, qualified immunity, absolute immunity, immunity pursuant to Section 6-5-338, Code of Alabama, Ex Parte Cranman (and its progeny) immunity and the statutory cap for damages and the punitive damages statute.

**DEFENDANT D'WAYNE WRIGHT'S PRE-TRIAL CONTENTIONS:**

1. Wright admits that at the time and place of this alleged incident he was a duly sworn police officer with the City of Clanton Police Department and acting in the line and scope of his authority and duty.

2. Wright denies the allegations of the Amended Complaint which are not specifically admitted herein; avers the Amended Complaint and each count fail to state a cause of action upon which relief can be granted; denies he has violated plaintiff's constitutional rights; denies all allegations of wrongdoing; pleads the general issue; pleads contributory negligence; pleads assumption of the risk; pleads unclean hands; pleads waiver; pleads estoppel; avers that plaintiff's own actions caused or contributed to his alleged injuries, losses and damages, hence plaintiff is barred from recovery; pleads probable cause; pleads justification; pleads self defense; pleads provocation; pleads good faith; avers all actions were taken on a reasonable and good faith belief; avers any force used was reasonable and necessary; pleads immunity; pleads qualified immunity; pleads absolute immunity; pleads substantive immunity; pleads discretionary function immunity; pleads immunity pursuant to § 6-5-338 Code of Alabama, 1975; avers he is entitled to state agent immunity under *Ex Parte Cranmen* 792 So. 2d 392 (Ala.2000) and *Ex Parte Butts,* 775 So. 2d 173 (Ala. 2000); pleads a subsequent independent intervening cause of plaintiff's alleged injuries; avers the Amended Complaint is barred by the pertinent statue of limitations and/or the doctrine of laches; incorporates herein as if set out in full all grounds set forth in this Defendant's Motion to Dismiss the complaint as amended; pleads the statutory tort cap applicable to state law claims; pleads §11-47-190 as a bar and/or limitation to recovery; pleads the cap applicable to punitive damages; and denies plaintiff is entitled to any relief.

3. This Defendant contests the form and sufficiency of process and of service of process and avers it is untimely, pleads those special defenses to Plaintiff's claim for pain and suffering and mental anguish, and, avers any award of punitive damages would be a violation of the Defendant's federal and state constitutional rights all as set out with greater specificity in this Defendant's Answer to the Amended Complaint, which is incorporated herein.

**DEFENDANT ROBERT "JOE" MONROE'S CONTENTIONS:**

Officer Monroe is not liable on the Fourth Amendment excessive force claim because he did not use excessive force against Mr. Johnson at any time while he was at the jail. Officer Monroe is not liable on the Fourth Amendment unlawful arrest claim because he did not participate in the arrest of Mr. Johnson. Officer Monroe is not liable on the unreasonable seizure claim because he did not seize Mr. Johnson and the minimal force he used during the

6

incident was not excessive. Officer Monroe contends that the minimal force he used was objectively reasonable in light of the circumstances and that he is entitled to qualified immunity from all federal claims on that basis. Officer Monroe did not assault and batter Mr. Johnson because the minimal force he used during the incident was not excessive and was only that force which was necessary to bring Mr. Johnson under control. Also, Officer Monroe contends that Mr. Johnson did not have a fear of contact from Officer Monroe so as to constitute an assault. Officer Monroe was not negligent during the incident because he did not breach any duty owed to Mr. Johnson and did not cause any of Mr. Johnson's alleged injuries. Officer Monroe did not falsely arrest Mr. Johnson because he did not participate in the arrest. Officer Monroe did not falsely imprison Mr. Johnson because Mr. Johnson's arrest was lawful and the restraint of him was lawful. Officer Monroe is entitled to discretionary function immunity from all of the state law claims because he performing discretionary functions during the incident and he did act in bad faith or with malice during the incident.

**CONTENTIONS OF DEFENDANTS, BAKER, BLAND, DRIVER AND BROCK:**
  1. The Complaint fails to state a cause of action against these Defendants upon which relief may be granted.
  2. The Sheriff's Officers were at all material times hereto engaged in the exercise of their discretionary duties as state officials. The Sheriff's Officers first came into contact with Johnson after he had been seized and arrested by Clanton Police Officer Wright. Upon Police Officer Wright's arrival at the Chilton County Jail with Johnson, he informed the Sheriff's Officers that Johnson had fought with him during the arrest, necessitating the use of chemical spray. Further, the Sheriff's Officers detected the smell of an alcoholic beverage on Johnson. Johnson became increasingly uncooperative and belligerent while at the jail, culminating in his charging toward a Sheriff's Officer in an aggressive manner. The actions of the Sheriff's Officers were reasonable and necessary in order to restore order and for the protection of Johnson and others. As such, Johnson fails to identify a deprivation of his Fourth Amendment rights. Further, Johnson fails to establish any state law claims for which the Sheriff's Officers are liable and for which they are not immune. When the Officers at the Chilton County Jail instructed the Plaintiff to remove his shoes in order to issue him a jail uniform, Johnson struck Officer Driver with his shoe and made a threatening and aggressive move toward him. The Officers used that amount of force which was necessary to subdue the Plaintiff and gain control of the situation. The actions of the Officers were reasonable and indeed appropriate under the circumstances in order to restore order to an escalating situation. The Plaintiff had already been seized and arrested by Clanton Police Officer Wright at the time he entered the Chilton County Jail. The Sheriff's Officers came into contact with the Plaintiff only after his seizure and arrest.
  3. Defendants deny that the Plaintiff was subjected to excessive force in violation of the Fourth or Eighth Amendments to the United States Constitution. Defendants demand strict proof thereof.

4. Defendants deny that the Plaintiff was assaulted and/or battered. The Officer's actions were neither offensive nor unlawful. Defendants demand strict proof thereof.

5. The Defendants plead Eleventh Amendment immunity, as well as good faith qualified immunity.

6. The Plaintiff's alleged injuries resulted from his own neglect, wrongful or criminal conduct, and he contributed to any of the alleged damages or injuries received. There was no breach of duty. He should be estopped from any cause of action in this matter. The Defendants plead contributory negligence and assumption of risk.

7. The Defendants plead §11-93-2 of Code of Alabama (1975, as amended) which limits a potential judgment against the Defendants.

8. Section 6-11-26 of the Code of Alabama, (1975, as amended) bars punitive damages against the Defendants.

9. These Defendants plead immunity granted by the common law, the Federal and State Constitutions and statute.

10. The Defendants are entitled to absolute and discretionary function immunity pursuant to §6-5-338 of the Code of Alabama, (1975, as amended).

11. The Defendants assert absolute immunity pursuant to Article I, § 14 of the Alabama Constitution.

12. The Defendants plead state agent immunity, sovereign and substantive immunity.

13. The Defendants are immune from liability based upon discretionary function immunity.

14. Any award of punitive damages to Plaintiffs would be a violation of the Defendants' federal and state constitutional rights as previously set out in the Amended Answer filed in this case. These Defendants also aver that given Alabama's policy against appointment of damages among joint tortfeasors, the imposition of punitive damages in the case at hand would punish these defendants for the conduct of others in violation of these Defendants' due process rights under the Fifth and Fourteenth Amendments to the United States Constitution. It would also subject these Defendants to excessive fines in violation of the Eighth Amendment of the United States Constitution and Defendants' due process rights. Further it will punish these Defendants for the conduct of others in violation of Defendants' due process rights and Article I, Sections 1 and 13 of the Alabama Constitution.

## 5. Stipulations

1. The Plaintiff went to the Skylight Bar with his wife on May 25, 2002. He was arrested at the Skylight Bar and taken to the Chilton County Jail.

2. The Plaintiff stipulates that it will not be necessary for Defendants to offer any testimony to authenticate the Alco-Sensor breath test result for Plaintiff obtained on May 26, 2002. Plaintiff specifically reserves the right to object to the admissibility of the test result

8

on grounds of relevancy, materiality, or that the prejudice to Plaintiff substantially outweighs any probative value.

3. The Defendants stipulate that it will not be necessary for Plaintiff to offer any testimony to authenticate Plaintiff's medical records and billings. Defendants do not stipulate or admit that Plaintiff was injured, that Defendants caused or contributed to any injuries that led to the necessity of medical treatment, and specifically reserve the right to object to the billings and records on any other ground.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is expected to last four to five (4 to 5) day are set for **December 5, 2005**, at 10:00 a.m. at the United States Courthouse in Montgomery, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, by **November 28, 2005**. The Court will allow any party to this action to rely on a pre-trial brief already on file in this case if the party wishes to do so;

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. # 31) entered by the court on April 30, 2004;

(6) All understandings, agreements, deadlines, and stipulations contained in this

9

Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court;

(7) The telephone status conference set for November 4, 2005 by this Court's August 10, 2005 Order (Doc. # 250) is CANCELLED;

(8) Counsel for all parties are ORDERED to appear at a hearing before the undersigned in Courtroom 2A, United States Courthouse, One Church Street, Montgomery, Alabama at **2:00 p.m.** on **November 17, 2005**.  At this hearing the Court will address all motions *in limine* which have not been resolved by agreement of the parties and other matters relating to objections to the evidence to be received at trial which need to be addressed outside of the presence of the jury.  It is further ORDERED that no later than **November 10, 2005**, the parties must file a notice indicating which of the pending motions *in limine* have been resolved by agreement and which require a pretrial ruling at the hearing on November 17, 2005;

(9) The Motion for Additional Peremptory Challenges (Doc. # 178) is DENIED.

DONE this 21st day of October, 2005.

                                              /s/ Mark E. Fuller
                                     CHIEF UNITED STATES DISTRICT JUDGE